WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
         jchang@unioncounsel.net

Attorneys for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS et al.,<br><br>            Plaintiffs,<br><br>   vs.<br><br>A-LEGACY CONSTRUCTION LLC, a Hawaii Limited Liability Company,<br><br>            Defendant.<br><br>_____ | CIVIL NO. 18-00439 LEK-RT<br><br>**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT A-LEGACY CONSTRUCTION, LLC, a Hawaii Limited Liability Company**<br><br>**Hearing**<br>**Date:   June 27, 2019**<br>**Time:   9:30 a.m.**<br>**Judge: Hon. Rom A. Trader** |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT A-LEGACY CONSTRUCTION, LLC, a Hawaii Limited Liability Company**

Plaintiffs HAWAII LABORERS' TRUST FUNDS' ("Plaintiffs" or "Trust Funds") Motion for Entry of Default Judgment against Defendant A-LEGACY CONSTRUCTION, LLC, a Hawaii Limited Liability Company ("Defendant"), having come on for hearing before the Honorable Rom A. Trader, Magistrate Judge on June 27, 2019 at 9:30 a.m., with Jerry P.S. Chang, Esq. appearing for Plaintiffs, and no other party appearing.  The Defendant has made no opposition, appearance or other communications, and the Court having read the memoranda, declarations, and exhibits in support thereto, the Court also citing the factors set forth in *Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986), having considered the evidence presented, and having heard oral argument, and being fully advised in the premises and good cause appearing therefor, the Court FINDS and RECOMMENDS that the District Court GRANTS IN PART AND DENY IN PART Plaintiffs' Motion for Entry of Default Judgment Against Defendant.

The Court bases its recommendation upon the following findings:

## **FINDINGS OF FACT**

1. Defendant A-LEGACY CONSTRUCTION, LLC, is a Hawaii Limited Liability Company.

2. On or about April 28, 2016, Defendant entered into a certain written agreement entitled "Exhibit G Certification of Receipt And Acceptance Master Agreement Covering Construction Laborers in the State of Hawaii," ("Agreement"), with the Laborer's International Union of North America, Local 368, AFL-CIO ("Union"), and the Trust Agreements appurtenant thereto, which said Agreements obligated Defendant to make contributions to the Trust Funds for each hour of work performed by a covered employee in Defendant's employment. The Agreement binding Defendant is attached as Exhibit "A" of the Complaint. (Doc. No. 1-1, and 1, respectively.)

3. Pursuant to Section 14.9 of the Master Agreement covering Construction Laborers in the State of Hawaii, effective September 1, 2014 to and including August 31, 2019 ("Master Agreement"), Defendant not only agreed to make contributions to the various Trust Funds, but agreed to pay them on a monthly

basis and to submit monthly reports showing the monthly total hours worked for each employee covered by the CBA. Pursuant to the Master Agreement, Defendants also agreed to allow the Trust Funds' representatives to audit its records and agreed to provide the Trust Funds with "information and records necessary" to administer the various Trust Funds. (*See,* Tonini Decl., ¶¶6-9 and Ex. "B"; Doc. Nos. 23-2, 23-5).

4.     Pursuant to the Master Agreement, Defendant agreed that if the Trust Funds were required to bring legal action to recover delinquent contributions, Defendant will be liable for the delinquent contributions, plus liquidated damages of $20 or 20%, per fund, of the delinquency (whichever was higher) and interest the rate of 12%.[1]  *Id.*

5.     Pursuant to the Master Agreement, Defendant agreed to pay reasonable attorneys' fees and costs incurred if the Trust Funds were required to retain legal counsel for the collection of any delinquency. [2]  *Id.*

---

[1] Under Employees Retirement Income Security Act, 29 U.S.C. § 1132(g)(2), interest on unpaid contributions or liquidated damages are mandatory, not discretionary under Ninth Circuit Law. *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988); *Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.*, 746 F.2d. 557, 569 (9th Cir. 1984).
[2] Under the CBA and 29 U.S.C. § 1132(g)(2), the Defendant must also pay the Trust Funds reasonable attorney's fees and costs. See also, Parkhurst v. Armstrong Steel Erectors, Inc., 901

6.     Pursuant to the Master Agreement, Defendant agreed that if the delinquent contributions, liquidated damages, interest, attorneys' fees and costs due to any respective Fund are not paid within thirty calendar days after the due date, to post with the Trustees of each respective Trust Fund a surety bond or cash-in-escrow in an amount equal to the last three months contributions or $5,000.00, whichever is greater.  *Id.*

7.     As of the date of the Complaint filed on November 14, 2018, by virtue of the subject agreements, Defendant owed unpaid contribution of $448.20 (8/17 to 11/17 report), liquidated damages of $1,188.43 (8/17, 9/17, 10/17 and 11/17 report), and interest (through 3/31/19, $.15 per diem) of $78.69 for a total of $1,715.32, excluding attorney's fees and costs.  (Tonini Decl. at ¶10; Doc. No. 23-2)

8.     The Summons and Complaint was served on Defendant on November 17, 2018.  Due to Defendant's failure to file an answer or respond to the Complaint, a Request of Entry of Default was filed

---

F.2d 796, 798-99 (9th Cir. 1990) (citing 29 U.S.C. § 1132(g)(2)(D)) (where Trust Funds prevailed on the issue of interest, Trust Funds were entitled to mandatory attorneys' fees award judgment; *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513 (9th Cir. 1984) (29 U.S.C. § 1132(g)(2) mandates awards of interest and fees and costs to the Trust Funds); *Kemmis v. McGoldrick*, 706 F.2d 993, 997-98 (9th Cir. 1983).

herein on December 14, 2018 (Doc. No. 11), and Default was entered by the Court Clerk on December 18, 2019. (Doc. No. 12).

9. According to the Motion for Entry of Default Judgment, the current amounts due from Defendant are set forth below, and with interest accruing through March 31, 2019 at $.15 per diem:

|     |                                                                 |           |
|-----|-----------------------------------------------------------------|-----------|
| i.  | Contributions (8/17-11/17 report):                              | $ 448.20  |
| ii. | Liquidated damages (8/17, 9/17, 10/17, & 11/17 report):         | $1,188.43 |
| iii.| Interest (through 3/31/19, $.15 per diem):                      | $ 78.69   |
|     | Total:                                                          | $1,715.32 |

(*See*, Tonini Decl. at ¶10, Ex. "A"; Doc. Nos. 23-2, 23-4).

10. The total known amount owed by Defendant as of April 12, 2019 is $1,715.32, and that amount does not include attorneys' fees and costs, plus interest on the contributions of $.15 per diem from March 31, 2019.

11. Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to Section 14.9(d)(1) of the Master Agreement, and pursuant to the Employees Retirement Income Security Act, 29 U.S.C. § 1132(g)(2), and as supported by the Declaration of Jerry P.S. Chang, which was submitted with the Motion for Entry of

Default Judgment.  (*See,* Chang Decl., Doc. No. 23-3).

## **RECOMMENDATION**

A.   The Court having found that the factors under *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986) weigh in favor of granting default judgment, the Court FINDS AND RECOMMENDS that the District Court GRANT IN PART and DENY IN PART the instant Motion as to Defendant as follows:

1.   GRANT as to request for judgment in the amount of $1,715.32 representing the following:

| | |
|---|---|
| Contributions | $   448.20 |
| Liquidated Damages | $1,188.43 |
| Interest (through 3/31/19) | $     78.69 |

2.   GRANT as to request for per diem interest (after 3/31/19) of $.15 per day.

3.   GRANT in part and DENY in part request for attorneys' fees and costs as follows:

GRANT as to $6,033.61 for attorneys' fees (inclusive of HI GET);

DENY as to $212.12 for attorneys' fees that were clerical in nature and determined not recoverable (inclusive of

7

HI GET);

    4.    GRANT as to request for costs in the amount of $718.40.

    5.    TOTAL OF 1-4 above:  $8,467.33.

    6.    GRANT as to all other relief sought in Plaintiffs' Complaint that is consistent with this Court's ruling.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 11, 2019



 /s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

*Trustees of the Hawaii Laborers' Trust Funds, et al. v. A-Legacy Construction LLC*; Civ No. 18-439 LEK-RT; Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Entry of Default Judgment Against Defendant A-Legacy Construction, LLC, a Hawaii Limited Liability Company